UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MARTHA MARQUEZ, | No. CV 10-06682-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") committed legal

```
                error   in   not   adequately   assessing   the   testimony   of
                Plaintiff's daughter (JS at p. 2); and
     2.   Whether the ALJ properly considered a mental impairment. (JS
          at p. 6.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ PROPERLY CONSIDERED OBJECTIVE MEDICAL EVIDENCE CONCERNING PLAINTIFF'S MENTAL IMPAIRMENT, BUT IMPROPERLY REJECTED THE TESTIMONY OF PLAINTIFF'S DAUGHTER**

The two issues in this case concern the ALJ's evaluation of Plaintiff's mental impairment. In the first issue, Plaintiff asserts that the ALJ erred in rejecting the testimony provided by Plaintiff's daughter, and in the second issue, Plaintiff disputes the ALJ's evaluation of the objective medical evidence. The Court will turn to the second issue first.

There is no dispute between the parties that Plaintiff received treatment for anxiety and depression. (See Plaintiff's portion of the JS at 4; Defendant's portion at 7, citing AR 431-33, 438, 441-42, 521-22, 524, 526, and 528.) In addition, at the first administrative hearing in this matter, which occurred on September 18, 2008, Plaintiff provided fairly detailed testimony about her mental health treatment, in particular her treatment and medications for depression. (See, e.g., AR 62-66.)

2

At the request of the Department of Social Services, on June 13, 2008, Plaintiff received a complete psychological evaluation ("CE") from Dr. Riahinejad, a clinical psychologist. (AR 461-465.) After performing testing, Dr. Riahinejad diagnosed on Axis I Depressive Disorder, With Anxiety. (AR 464.) He determined Plaintiff is capable of managing funds on her own behalf; she is able to understand, remember and carry out simple and repetitive instructions; she could have moderate difficulty understanding, remembering, and carrying out complex and detailed instructions; she is able to accept instructions from a supervisor and relate with coworkers; she does not have any difficulty with pace. (AR 464-465.)

In his decision, the ALJ determined that Plaintiff's mental residual functional capacity ("MRFC") includes, "in the mental realm, the claimant has moderate difficulty in understanding, remembering and carrying out complex and detailed instructions. She has no other significant limitations." (AR 23.) Thus, the ALJ adopted the CE's assessment of Plaintiff's mental functional capacity in determining her MRFC.

As to this issue, Plaintiff's objection to the ALJ's adoption of the CE's functional capacity assessment is that the CE admitted that he did not perform specific testing to assess Plaintiff's depression and/or anxiety. (AR 509.) Plaintiff's counsel points out that he requested the ALJ to order specific testing concerning anxiety and depression, which was denied. (AR 37, 39, 41, 114-15.) As such, Plaintiff's contention is that the ALJ failed to develop the record by declining to order this specific testing. (See JS at 6-7, citing Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005.)

In response, the Commissioner quite properly points out that the

3

ALJ evaluated all of the evidence in the record, not just the CE's report, in determining that Plaintiff suffered from depression with anxiety. As such, the record is not ambiguous, which is a prerequisite for a mandate to further develop the record. (See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).) With regard to Plaintiff's complaint that the ALJ failed to properly evaluate her somatic preoccupations (JS at 7, citing AR 27), these somatic complaints are largely founded on Plaintiff's credibility, which the ALJ found to be severely depreciated. Plaintiff did not dispute that finding, or conclusions rendered by the psychiatric CE that Plaintiff was malingering with regard to certain of her psychiatric symptoms. As such, the Court can find no error in the ALJ's asserted failure to properly evaluate somatic preoccupations.

With regard to the first issue, which concerns the ALJ's evaluation of the lay testimony of Plaintiff's daughter, the Court agrees that the ALJ's decision falls short, necessitating remand for reconsideration of this testimony.

The ALJ devoted fairly substantial attention in his decision to the testimony of Plaintiff's daughter, Mirabella Marquez. (See AR at 28-29.) The ALJ accurately summarized the testimony of Plaintiff's daughter regarding observations of Plaintiff's depression and her functional limitations in daily activities and other areas, including cooking, socializing, sleep difficulties, loss of energy and memory problems. In depreciating this testimony's credibility, however, the ALJ relied on factors which the Court finds insufficient. The ALJ noted that Plaintiff's daughter "made little, if any, mention of anxiety and anxiety-related symptoms, ..." (AR 28), and as a second reason, that Plaintiff's daughter, "despite recognizing the claimant's

apparently severe depression, has done little, if anything, to aid her in seeking out needed psychiatric care and treatment. As indicated above, there is a general dearth of evidence that the claimant has been treated by mental health professionals." (AR 28.)

The Court must analyze the adequacy of the ALJ's rejection of this lay testimony based upon the reasons set forth in the decision. As the parties acknowledge, testimony from lay witnesses may be of particular value, and can be only rejected based on reasons which are specific and germane to the particular witness. See <u>Regennitter v. Commissioner</u>, 166 F.3d 1294, 1298 (9th Cir. 1999), citing <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996).

The ALJ's determination that Plaintiff's daughter made "little, if any, mention of anxiety and anxiety-related symptoms" is both factually incorrect and analytically deficient. As to the first, there are numerous instances in the daughter's testimony in which anxiety is referred to by name. For example, she stated, in response to a question, that, "But you know, she would get up, she would sleep, she was depressed, she would cry. She had like anxiety. There was just a lot of different emotions going." (AR 28.) When asked at the hearing whether Plaintiff ever says anything that suggests she suffers from anxiety, Ms. Marquez provided a quite specific answer. (AR 112.) Moreover, it is possible that Ms. Marquez did not fully understand the term anxiety, or how it might be distinguished from depression. When she was asked specifically whether she had any idea what is meant by anxiety, she answered, "Well, if she's doing something, it could be anything, and then you know, the depression comes in or whatever." (AR 110.) While the Commissioner cites such testimony to buttress the ALJ's determination that Ms. Marquez somehow ignored Plaintiff's

5

anxiety, the Court finds no basis for that conclusion other than speculation. Indeed, the psychological CE determined that Plaintiff suffers from depression with anxiety, and the terms depression and anxiety may well have a substantial overlap. (See, the American Medical Association Encyclopedia of Medicine, definition of anxiety at 122, and definition of depression, at 344-345.)

The ALJ's reasoning becomes even more problematic in his conclusion that Plaintiff did not receive mental health care, and that her daughter's failure to seek such care for her mother somehow reflects upon the daughter's lack of credibility. Again, this analysis falls short both factually and analytically. As to the first, the Commissioner admits that Plaintiff in fact did receive treatment for anxiety and depression (see JS at 7, citing to the AR), and as the Court has already noted, Plaintiff herself testified about this treatment, and various medications she received. If the ALJ's view is that the daughter did not inspire her mother to obtain even more treatment, this reasoning inches even further out on a limb. The ALJ does not define what he means when he talks about "aggressive psychiatric treatment" in his decision. (See AR at 28.) Moreover, this assessment is even more problematic from a sociological or cultural point of view. The responsibility of an adult child to monitor or to encourage mental health treatment for a parent who is not incompetent is a delicate and probably controversial issue. Anecdotally, many people have heard examples of adult children who seem powerless to prevent an older parent from driving an automobile, or who fail to encourage a parent with obvious hearing impairments to obtain a hearing aid. There are a myriad of reasons why this may occur, none of which were explored (even if they were relevant) at the

6

hearing. The fact is, however, that Plaintiff does receive mental health treatment, and that her daughter attended one of these sessions (AR 66). Thus, there is simply no evidence in the record to support this basis for a credibility assessment as to Ms. Marquez. Since there is nothing else in the record, or anything articulated in the decision which would support such a depreciated credibility assessment, the Court must find it to be unsubstantiated, and will remand the matter for further hearing to address this deficiency.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: October 3, 2011            /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE